| | |
|---|---|
| 1 | **EDLESON & REZZO** |
| 2 | Louis Bert Edleson (Bar No. 097195) |
|   | ce@edrezlaw.com |
| 3 | Joann F. Rezzo (Bar No. 185675) |
| 4 | jr@edrezlaw.com |
|   | 402 West Broadway, Suite 1520 |
| 5 | San Diego, CA 92101-8567 |
|   | Tel: 619-230-8402 |
| 6 | Attorneys for Plaintiff |
| 7 | SECONDARY LIFE THREE LLC |

# UNITED STATES DISTRICT COURT
# COUNTY OF LOS ANGELES

| SECONDARY LIFE THREE LLC, | CASE NO. 2:20-cv-09034 |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | (Jury Trial Demanded) |
| Defendant. | |

The plaintiff alleges:

## THE PARTIES, JURISDICTION, AND VENUE

1. This Court has diversity jurisdiction over this matter under the provisions of 28 United States Code § 1332 because the amount in controversy exceeds the sum of $75,000 and there is diversity of citizenship between all the parties.

2. Plaintiff Secondary Life Three LLC ("SL3") is a corporation incorporated in Delaware with its principal place of business in Florida.

3. Plaintiff is informed and believes that Defendant Transamerica Life Insurance Company is a life insurance company that is successor in interest to Transamerica Occidental Life Insurance Company. Transamerica Occidental issued a life insurance policy which is the subject of this dispute. When issuing the policy, Transamerica Occidental was incorporated and headquartered in the State of California and issued the contract of insurance from its home office located in Los Angeles. Transamerica Life was incorporated in the State of Iowa and has its principal place of business located there. This Complaint will refer to Transamerica Occidental and Transamerica Life collectively as "Transamerica."

4. Venue is proper in this judicial district under the provisions of 28 United States Code § 1391 because the insurance contract in dispute was issued by Transamerica at its home office in Los Angeles.

## FIRST CAUSE OF ACTION

### Breach of Contract

5. The plaintiff incorporates here by reference paragraphs 1 through 4.

6. On January 27, 1994, Transamerica issued a life insurance policy, number 92463004 ("the Policy"), jointly insuring Ben J. Barnett and Betty L. Barnett, and providing for payment of a benefit in the face amount of $1,000,000 to the owner of the insurance contract, Robert Arnold Barnett

Trustee of the Ben J. Barnett and Betty Lange Barnett Life Insurance Trust Dated November 17, 1993. In return for premiums of just under $40,000 per year, the Policy provided for payment of the death benefit "if both Joint Insureds die before the Maturity Date."

7. The Policy stated no precise Maturity Date. The exact wording of the Policy stated: "The Maturity Date is the policy anniversary nearest the Insureds' Joint Equal Age 100." The Policy defined this wording as follows: "Joint Equal Age means the adjusted age of a male and a female insured which reflects a risk that would be equivalent to two people of the same age, class of risk and smoking status." Neither insured had ever smoked or had a special known risk class. At the time Transamerica issued the Policy, both insureds were 70 years old. The Policy did not state that it matured on January 27, 2024, or any other specific date. A reasonable interpretation of the Policy was that it would mature when the first of the two insureds reached the age of 100.

8. Plaintiff is informed and believes that, after issuance of the Policy, Transamerica Occidental merged into Transamerica Life, and at that time Transamerica Life assumed all obligations under the Policy.

9. Ben J. Barnett died of a heart attack at age 84 on July 14, 2008.

10. SL3 purchased the Policy for $315,000 and became the owner and beneficiary on February 23, 2011. At the time, Betty L. Barnett was 86. Transamerica acknowledged SL3's ownership of the Policy and thereafter communicated regularly with SL3 and repeatedly confirmed in status calls that the Policy remained active, in force and in good standing.

11. SL3 timely and fully complied with all terms of the Policy by paying all premiums required by the contract of insurance on an ongoing basis, a total of $295,150, bringing its total investment in the asset to $610,150, until Betty L. Barnett died on April 23, 2020, days prior to her 96th birthday.

12. Before Betty L. Barnett died, Transamerica notified SL3 on February 27, 2020, that the Policy matured (i.e., canceled), stating that its "underwriter determined the Joint Equal Age to be 74" at issuance and, therefore, "Maturity was joint equal age 100, effective January 27, 2020."

13. The Policy nowhere stated that Maturity occurred on January 27, 2020. Although SL3 is in the business of insurance, when SL3 purchased the Policy it understood, believed, and reasonably intended, as did the selling beneficiary, for coverage to continue until the Policy anniversary nearest Betty L. Barnett's 100th birthday on January 27, 2024. No ordinary, reasonable person would have understood the Policy to mean otherwise.

14. Any limitation on insurance coverage stated in the Policy which might call for cancelation of benefits prior to one of the joint insureds reaching age 100 is unenforceable as against public policy because: (a) the limitation is not precise and unambiguous, (b) the limitation is not conspicuous, and (c) the limitation is not plain and clear. Not only is the language used by Transamerica not part of the vocabulary of average lay people, it is not even in the language used by insurance professionals. The wording is completely unintelligible and requires deciphering a puzzle to begin to read the coverage limitation contended by Transamerica.

15. Transamerica has breached its insurance contract by canceling coverage prior to Betty L. Barnett reached the age of 100, canceling prior to her death, and as a result of Transamerica's wrongful conduct SL3 has lost $1,000,000 plus prejudgment interest.

## SECOND CAUSE OF ACTION

### Declaratory Relief

16. SL3 incorporates here by reference paragraphs 1 through 14.

17. There is an existing controversy between SL3 and Transamerica concerning the Policy. Transamerica contends that it properly canceled the

Policy based on a maturity date of January 27, 2020. SL3 contends that Transamerica had no legal right to terminate coverage under the Policy.

18. SL3 is entitled to a declaration that the Policy remained in full force and effect at the time of Betty L. Barnett's death.

ACCORDINGLY, the Plaintiff requests a judgment for:

1. A declaration that the Policy did not mature and cancel on January 27, 2020, and instead remained in force as of the date Betty L. Barnett died on April 23, 2020;

2. Policy benefits of $1,000,000;

2. Prejudgment interest;

3. Costs; and

4. Other relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 1, 2020

EDLESON & REZZO

By   s/Louis Bert Edleson
LOUIS "CHIP" EDLESON
ce@edrezlaw.com
JOANN F. REZZO
jr@edrezlaw.com
Attorneys for Plaintiff
SECONDARY LIFE THREE LLC